IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | 1:22-cr-00274-RP-2 |
| | § | |
| JACKIE LYNNE CHESTER (2) | § | |
| *Defendant* | § | |

## ORDER

This matter came before the Court on July 6, 2023, for a hearing on the Pretrial Services Office's June 28, 2023 violation memorandum (the "Memo") (Dkt. 90). Defendant appeared pursuant to a summons, and the revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On December 20, 2022, a grand jury in the United States District Court for the Western District of Texas, Austin Division, indicted Defendant Jackie Lynn Chester on one count of Conspiracy to Distribute Fentanyl, in violation of 21 U.S.C. §§ 846 and 841(a)(1). Dkt. 3. Defendant was arrested and ordered released on conditions on January 30, 2023. Dkt. 62. Docket call is set before the District Court on September 1, 2023. Dkt. 79.

The Memo alleges that Defendant submitted a diluted urine specimen on April 5, 2023; failed to report for random drug testing on April 14 and April 21, 2023; failed to report for a scheduled individual treatment session on May 30, 2023; and signed an admittance form acknowledging that on June 4, 2023, she used cocaine, for which she tested positive on June 6, 2023. Dkt. 90.

The Court has considered the Pretrial Services Report, the Petition, Defendant's testimony, and the evidence and arguments of counsel for Defendant and for the government at the

revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant violated Condition 7(m) of her release, requiring that she not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner, by using cocaine on June 4, 2023.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if she remains on release, and that she is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148. Defendant apprised the Court of her many efforts to remain in compliance with her conditions of release, including by obtaining a job working eight hours a day, five to seven days a week; abiding by her 5 p.m. to 5 a.m. curfew; participating in counseling sessions and online higher education; and applying for sober living homes. The Court encourages Defendant to continue pursuing these efforts in coordination with the Pretrial Services Office and admonishes her that any further violation is likely to result in revocation of her pretrial release.

Accordingly, Defendant is **HEREBY ORDERED** to abide by all conditions in the Order Setting Conditions of Release (Dkt. 62) and follow all instructions from Pretrial Services.

**SIGNED** July 6, 2023.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE